AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the



CLERK'S OFFICE
A TRUE COPY
Jun 16, 2020
s/ Daryl Olszewski
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Target Location #1: 2855 Statesman Way, Apt. 109, Franklin, WI

Case No. 20 MJ 160

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the **Eastern** District of **Wisconsin**, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21, USC, Sections 841(a)(1), 846, Title 18 United States Code, Sections 1956 and 1957 | See Attached Affidavit |

The application is based on these facts:

See Attached Affidavit

☐ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*SA Scott Marlow*
Applicant's signature

Scott Marlow, DEA SA
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone
*(specify reliable electronic means)*.

Date: June 16, 2020

*William E. Duffin*
Judge's signature

City and state: Milwaukee, WI

Honorable William E. Duffin, U.S. Magistrate Judge
Printed name and title

**AFFIDAVIT IN SUPPORT OF SEARCH WARRANTS**

I, Scott Marlow, being first duly sworn, hereby depose and state as follows:

## I. BACKGROUND, TRAINING, AND EXPERIENCE

1. I am a Special Agent with the Drug Enforcement Administration (DEA), and have been so employed since March 2006. Prior to my current assignment, I was employed as a police officer with the City of West Allis, a suburb of Milwaukee, Wisconsin for approximately nine (9) years. I am an investigative or law enforcement officer within the meaning of Section 2510(7) of Title 18, United States Code; that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2. I have participated in numerous complex narcotics investigations which involved violations of state and federal controlled substances laws and money laundering laws including Title 21, United States Code, Sections 841(a)(1) and 846 (possession with intent to distribute a controlled substance and conspiracy to possess with intent to distribute a controlled substance), and other related offenses. I have had both formal training and have participated in numerous complex drug trafficking investigations, including ones using wiretaps. More specifically, my training and experience includes the following:

   a. I have utilized informants to investigate drug trafficking. Through informant interviews, and extensive debriefings of individuals involved in drug trafficking, I have learned about the manner in which individuals and organizations distribute controlled substances in Wisconsin and throughout the United States;

b. I have also relied upon informants to obtain controlled substances from dealers, and have made undercover purchases of controlled substances;

c. I have extensive experience conducting street surveillance of individuals engaged in drug trafficking. I have participated in the execution of numerous search warrants where controlled substances, drug paraphernalia, and drug trafficking records were seized;

d. I am familiar with the appearance and street names of various drugs, including marijuana, heroin, cocaine, cocaine base (unless otherwise noted, all references to crack cocaine in this affidavit is cocaine base in the form of crack cocaine), ecstasy, and methamphetamine. I am familiar with the methods used by drug dealers to package and prepare controlled substances for sale. I know the street values of different quantities of the various controlled substances;

e. I am familiar with the language utilized over the telephone to discuss drug trafficking, and know that the language is often limited, guarded, and coded;

f. I know that drug traffickers often use electronic equipment and wireless and land line telephones to conduct drug trafficking operations;

g. I know that drug traffickers commonly have in their possession, and at their residences and other locations where they exercise dominion and control, firearms, ammunition, and records or receipts pertaining to such;

h. I have been assigned to court-authorized wiretaps and have been trained to operate the equipment utilized to conduct such operations;

i. I know that drug traffickers often put their telephones in nominee names in order to distance themselves from telephones that are utilized to facilitate drug trafficking; and

j. I know that drug traffickers often use drug proceeds to purchase assets such as vehicles, property, and jewelry. I also know that drug traffickers often use nominees to purchase and/or title these assets in order to avoid scrutiny from law enforcement officials.

3. This affidavit is based upon my personal knowledge and upon information reported to me by other federal and local law enforcement officers during the course of their official duties, all of whom I believe to be truthful and reliable.

4. Throughout this affidavit, reference will be made to case agents. Case agents are those federal, state, and local law enforcement officers who have directly participated in this investigation, and with whom your affiant has had regular contact regarding this investigation.

5. Because this affidavit is submitted for the limited purpose of securing the requested search warrants, I have not included each and every fact known to me concerning this investigation. I have set forth only facts that I believe are sufficient to establish probable cause.

6. For the reasons discussed herein, there is probable cause to believe that inside the premises, more fully described in Attachment A, are items that constitute evidence of illegal firearms possession, that is, violations of Title 21, United States Code, Sections 841(a)(1) (possession with the intent to distribute and distribute controlled substances), and 846 (conspiracy to possess with the intent to distribute and distribute controlled substances), and money laundering, in violation of Title 18, United States Code, Sections 1956 and 1957, more fully described in Attachment B.

## II. LOCATIONS TO BE SEARCHED

9. This affidavit is submitted in support of an application for the issuance of search warrants for the following residences under the control of, utilized by, and/or

resided at, by Tykel Spears and other identified co-conspirators of the Spears Drug Trafficking and Money Laundering Organization:

    a. **Target Location #1: 2855 Statesman Way, Apt. 109, Franklin, WI -** Tykel Spears' girlfriend's residence where he stores controlled substances, firearms, and U.S. Currency; a database revealed that the electrical utility was established by Aundriell Dodd (Spears' girlfriend) since February 1, 2019.

    b. **Target location #2: 2442 North 53rd Street, Milwaukee, WI -** Tykel Spears' mother's house where he stores controlled substances, a database revealed that the electrical utility was established by Tykel Spears in October 2018.

    c. **Target location #3: 2465 North 37th Street, Milwaukee, WI** - Tykel Spears' stash house where he stores controlled substances and packaging materials. A database revealed that the electrical utility was established by Tykel Spears in September 2019. After conducting extensive surveillance, investigators believe that the residence is void of occupants, but is controlled by Spears and is observed there on a daily basis.

### III.    PROBABLE CAUSE

#### A.    Fentanyl Seized from 2442 North 53rd Street in August 2019

10.    On August 19, 2019, the Milwaukee Police Department investigated a double shooting that occurred in the area of North 53rd and West Meinecke Streets, in the City of Milwaukee. During that investigation, Milwaukee Police Officers located a motor vehicle in front of 2442 North 54th Street that was struck by gunfire. Pursuant to that investigation, officers went to 2429 North 53rd Street, and spoke with a witness of the incident, who stated they heard two gunshots prior to the incident and heard a male shout, "get the fuck out." The witness stated they looked out the window of their residence and saw a black male armed with a gun run into **2442 North 53rd Street** (Target location #2).

4

11. Officers went to **2442 North 53rd Street** (Target location #2), and interviewed an occupant of the residence and spoke with Tammy Spears, who stated she lives at the residence with her two sons and daughter. One of the sons was identified as Tykel D. Spears. Tammy Spears stated that Tykel Spears was not home at the time and gave case agents written consent to search **2442 North 53rd Street** (Target location #2).

12. During a search of the basement of **2442 North 53rd Street** (Target location #2), case agents located an unknown white substance wrapped in plastic under a couch cushion and an unknown white substance wrapped in plastic inside a black backpack. Case agents also located a black digital scale, red digital scale, plastic baggies, glass plate with an unknown white powdery substance, and a hydraulic press. Based on their training and experience, and the investigation to date, case agents are aware that these items that were recovered are indicative of drug dealing. The unknown white substance was later field tested positive for the presence of fentanyl, with a total weight of 74.09 grams. The combined weight of the fentanyl is indicative of drug dealing.

13. Case agents conducted an on scene interview of Tammy Spears who denied knowledge of the fentanyl. She stated that Tykel Spears used the basement to play video games. While on-scene, Tykel Spears arrived at **2442 North 53rd Street** (Target location #2) and was subsequently taken into custody.

14. On August 20, 2019, after being advised of and waiving his rights, case agents interviewed Tykel Spears. During the interview, Tykel Spears confessed to possessing the fentanyl recovered from the basement and confessed to selling drugs. Tykel Spears stated he made $175,000 in one year selling drugs.

### B. Controlled Buys with Spears in March and April 2020

15. Within the last four months, your affiant interviewed a confidential source (CS #1) who stated he/she had information about Tykel Spears, who CS # 1 identified as a large scale heroin and fentanyl dealer. CS #1 provide affiant with two cellular phones that Spears utilizes to conduct narcotics transactions. CS #1 stated he/she has purchased heroin from Tykel Spears hundreds of times and has observed Tykel Spears in possession of large quantities of heroin on multiple occasions in the past. This information was corroborated via law enforcement sources. CS #1 also stated that he/she knows that Spears shares a child with an unknown female, who lives in the City of Franklin. Based on the investigation to date, case agents believe that Spears' girlfriend resides at **2855 Statesman Way, Apt. 109, Franklin, WI** (Target location #1).

16. For several reasons, case agents believe that CS #1 is reliable and credible. First, CS #1 has provided information that case agents were able to corroborate through law enforcement sources. Second, the information CS #1 has provided information against CS #1's penal interest. Third, the information provided by CS #1 is consistent with evidence obtained elsewhere in this investigation where CS #1 was not utilized, and substantial portions of CS #1's information has been corroborated through independent investigation, including information from other sources. Fourth, CS#1's information is based on firsthand observations. CS #1 has a prior conviction for Felon Possess Firearm, Criminal Damage to Property, and Receiving Stolen Property. CS#1 is providing information to law enforcement in exchange for financial compensation.

17. On March 16, 2020, the Honorable Nancy Joseph, U.S. Magistrate Judge of the Eastern District of Wisconsin, reviewed and approved an affidavit to obtain the location information for Spears' telephones (414) 499-6755 and (414) 745-1219 for a period of forty-five days. On the same date, the warrant was served to Sprint and investigators began receiving information for (414) 499-6755 and (414) 745-1219.

18. On March 17, 2020, case agents established surveillance at **2465 North 37th Street** (Target location #3). Case agents observed the white Audi Q7, displaying WI license plate RJ7454 parked in front of **2465 North 37th Street**. According to records from the Wisconsin Department of Transportation the subject vehicle is registered to Tykel Spears, 2478 N. 45th St., Milwaukee, WI. Case agents believe that Spears owns and previously used 2478 North 45th Street to distribute narcotics.

19. A short time later, case agents observed Spears exit the front door of **2465 North 37th Street** (Target location #3), lock the front security metal door, enter the Audi Q7 and depart the area. Case agents followed Spears to **2442 North 53rd Street** (Target location #2), where he parked and entered the residence through the front door. A few minutes later, case agents observed Spears exit **2442 North 53rd Street** (Target location #2), enter the Audi and depart the area. As discussed below, based on their training and experience, and the investigation to date, case agents believe that Spears obtained controlled substances from inside **2442 North 53rd Street** (Target location #2).

20. Case agents followed Spears to 2478 North 45th Street, and observed an unidentified black male talk to Spears as the unknown male opened the front passenger door and leaned in. After approximately five minutes, the unidentified black male exited Spears' vehicle, and entered a white Chevrolet sedan, displaying California license plate 8FPR272. A license plate query revealed that the vehicle is owned by Hertz Vehicles LLC, 8900 Bellanca Ave, Los Angeles,

CA. Case agents observed Spears and the Chevrolet sedan drive away from the area, and were was unable to maintain further surveillance of the Spears. Based on their training and experience, and the investigations to date, case agents believe that the controlled substances that Spears obtained from inside **2442 North 53rd Street** (Target location #2) he later distribute to the unknown black male.

21. Through information learned from the data provided by the location of Spears' cellular telephones, and other law enforcement databases, case agents learned that Spears has a child in common with an Aundriell Dodd, who resides at **2855 Statesman Way, Apt. 109, Franklin, WI** (Target location #1). According to an administrative subpoena, Apt. 109 is leased to Aundriell Dodd. CS#1 identified a photograph of Dodd and confirmed that she is Spears' girlfriend. According to telephone records, the telephone registered to Aundriell Dodd is Spears' most frequently called number.

22. On March 20, 2020, the Honorable Nancy Joseph, U.S. Magistrate Judge for the Eastern District of Wisconsin, approved an affidavit to install a tracking device on Spears' Audi Q7 SUV. On March 24, 2020, case agents installed the tracking unit outside **2855 Statesman Way, Apt. 109, Franklin, WI** (Target location #1). While monitoring the tracking unit, case agents observed Spears travels to **2465 North 37th Street**, **2442 North 53rd St.**, and **2855 Statesman Way, Apt. 109, Franklin, WI** on a regular basis in March, April and May 2020.

C. **Spears' Possession of Firearms and U.S. Currency**

23. Within the past month, case agents interviewed a confidential source (CS #2) who stated he/she had information about Tykel Spears, who CS # 2 identified as a large scale heroin and fentanyl dealer. CS #2 has observed Tykel Spears in possession

8

of large quantities of heroin on multiple occasions in the past. For several reasons, case agents believe that CS #2 is reliable and credible. First, CS #2 has provided information that case agents were able to corroborate through law enforcement sources. Second, the information CS #2 has provided information against CS #2's penal interest. Third, the information provided by CS #2 is consistent with evidence obtained elsewhere in this investigation where CS #2 was not utilized, and substantial portions of CS #2's information has been corroborated through independent investigation, including information from other sources. Fourth, CS#2's information is based on firsthand observations. CS #2 has a prior convictions for Possession of Cocaine with Intent to Distribute. The CS was arrested in 2019 for Possession with Intent to Distribute Heroin and Bail Jumping. CS#2 is providing information to law enforcement for judicial consideration. CS #2 stated that he/she received an Instagram video from Spears, who utilized https://www.instagram.com/fromgamblingtogrinding/ to post the video. The video depicts Spears holding a large amount of US Currency (approximately $100,000), displaying luxury jewelry with a firearm in the background. CS #2 provided case agents with a copy of the Instagram video, confirming CS #2's statement. Case agents viewed the video and observed Spears holding the large amount of US Currency, wearing numerous pieces of luxury jewelry, with a silver and black semi-automatic firearm in the background.

24. Case agents observed that the video posted on Instagram was taken inside the bathroom of a residence. Case agents noticed that the fixtures and cabinetry in the bathroom were newer, and that a fire sprinkler system was installed in the ceiling of the bathroom. Case agents conducted an internet search of Statesman Apartments, which is the apartment building of **2855 Statesman Way, Apt 109, Franklin, WI** (Target Location #1). During a virtual tour of the apartments, case agents were able to observe the interior of the apartments. Case agents observed that the bathroom fixtures, fire sprinkler, and cabinetry at **2855 Statesman Way, Apt 109, Franklin,**

**WI** were the same as in the Instagram video posted by Spears.

27. CS #2 also stated that he/she has been inside **2465 North 37 Street**, Milwaukee, WI (Target Location #3) within the last sixty (60) days. While inside **2465 North 37th Street**, CS #3 observed narcotics packaging materials, a digital scale, and a narcotics press.

26. During the first week of April 2020, case agents were conducting surveillance of Spears, who was operating the Audi SUV. Case agents observed Spears parked in front of **2442 North 53rd Street** (Target Location #2). Case agents observed Spears exit **2442 North 53rd Street** and enter his vehicle. Case agents followed Spears as he met with an unknown individual and appeared to conduct a narcotics transaction. Case agents followed the unknown individual who met with Spears, and a short time later made contact with this individual, who is later to be identified in this affidavit as Confidential Source #3. After making contact, case agents seized approximately .5grams of Fentanyl. The individual admitted to purchasing the Fentanyl from an individual named "K," who he/she identified as Spears. The individual was released pending charges.

27. Within the past several months, case agents interviewed a confidential source (CS #3) who stated he/she had information about Tykel Spears. CS #3 identified Spears as a heroin and fentanyl dealer. CS #3 has purchased heroin and fentanyl on hundreds occasions in the past several years. For several reasons, case agents believe that CS #3 is reliable and credible. First, CS #3 has provided information that case agents were able to corroborate through law enforcement sources. Second, the information CS #3 has provided information against CS #3's penal interest. Third, the information provided by CS #3 is consistent with evidence obtained elsewhere in this investigation where CS #3 was not utilized, and substantial portions of CS #3's information has been corroborated through independent investigation, including information from other sources. Fourth, CS#3's information is based on firsthand observations. CS #3 does not have a criminal history. CS #3 is providing information to law enforcement for judicial consideration.

28. On April 13, 2020, case agents conducted surveillance of SPEARS. At approximately 9:30 a.m., case agents observed SPEARS' white Audi Q7 SUV, displaying WI license plate RJ7454. Case agents observed the vehicle parked on the west side of 5141 N. 27 St, Milwaukee, WI. Case agents were not able to maintain surveillance of the location. At approximately 2:30 p.m., surveillance was established at **2465 North 37th Street** (Target Location #3). Parked in the rear of the residence was a white Hyundai Sonata, displaying WI license plate 606-XVJ. According to records from the Wisconsin Department of Transportation, the vehicle is registered to Courtney McKinley, 5141 N. 27 St #1, Milwaukee, WI. At approximately 2:50 p.m., case agents observed SPEARS exit the rear door of **2465 North 37 Street** (Target Location #3), appear to lock it, and then enter the vehicle. Case agents observed Spears drive away from **2465 North 37th Street** (Target Location #3), and then travel south on S. 38 St and stop for a red light at North Ave. After coming to a complete stop, and waiting for approximately 30 seconds, Spears intentionally proceeded through the red light, causing surveillance the inability to be maintained on Spears. Surveillance was then terminated.

29. During the week of April 20, 2020, case agents utilized CS #3 to conduct a controlled purchase of fentanyl from Spears. Prior to the purchase case agents established surveillance of **2465 North 37th Street** (Target Location #3). Case agents met with CS #3, who stated that he/she made telephone contact with Spears, who instructed CS #3 to travel to the area of 37 and Wright, Milwaukee, WI. Case agents searched CS #3 and CS #3's vehicle for contraband, rendering negative results. CS #3 was given pre-recorded currency and a video monitoring / recording device. Case agents followed CS #3 to the area of 37th and Wright, where case agents observed SPEARS exit **2465 North 37th Street** (Target Location #3), walk to the CS' vehicle and met with the CS for a short period of time. Case agents then observed Spears return to the residence and enter through the front door. Case agents followed CS #3, and seized

approximately one gram of a substance, that later tested positive for fentanyl. CS #3 and his/her vehicle were searched for contraband, rendering negative results. CS #3 confirmed that Spears met him/her outside **2465 North 37th Street** and gave the CS the narcotics in exchange for the currency provided by case agents.

30. On April 22, 2020, the Honorable Nancy Joseph, U.S. Magistrate Judge of the Eastern District of Wisconsin, reviewed and approved an affidavit to continue to obtain the location information for Spears' telephones (414) 499-6755 and (414) 745-1219 for a period of forty-five days. On the same date, the warrant was served to Sprint and investigators began receiving information for (414) 499-6755 and (414) 745-1219. While monitoring the information of (414) 499-6755 and (414) 745-1219, case agents observed Spears traveled to **2465 North 37th Street**, **2442 North 53rd St.**, and **2855 Statesman Way, Apt. 109, Franklin, WI** on a regular basis in June 2020.

31. Investigators were also able to locate a new vehicle that SPEARS is utilizing as a result of the location information for (414) 499-6755 and (414) 745-1219. For example, on May 12, 2020, case were conducting surveillance of SPEARS and observed a gray Dodge Challenger displaying WI license plate AGH 7891 parked in front of **2442 N. 53rd St, Milwaukee, WI** (Location #2). A license plate query revealed that the vehicle is a 2017 Dodge Charger Sedan, registered to Tykel SPEARS, 2478 N. 45 St, Milwaukee, WI. According to records from the Wisconsin Department of Transportation, gray Dodge Challenger displaying WI license plate AGH 7891 was registered on May 5, 2020.

32. On May 26, 2020, investigators were conducting surveillance of SPEARS at **2465 N. 37th St, Milwaukee, WI** (Location #3), and observed the gray Dodge Charger parked in front of the residence. Investigators identified that SPEARS was driving the vehicle as it drove away.

Investigators attempted to maintain surveillance of the gray Dodge Challenger displaying WI license plate AGH7891, but was unable to due to the erratic driving of SPEARS.

33. On June 10, 2020, investigators conducted surveillance of SPEARS at 2855 Statesman Way, Franklin, WI (Target Location #1). Parked outside the residence was the gray Dodge Charger. According to court-authorized location information for SPEARS' telephones, case agents observed that he often stays overnight at **2855 Statesman Way, Apt. 109, Franklin, WI** (Target Location #1).

34. Over the past ten (10) days, case agents have conducted both physical and electronic surveillance of SPEARS and his vehicles. During this time case agents have observed that SPEARS spend a significant time at **2855 Statesman Way, Apt. 109, Franklin, WI** (Target Location #1) and **2465 North 37th Street** (Target Location #3). Investigators have also observed SPEARS at **2442 North 53rd Street** (Target Location #2) for short periods of time. Based on their training and experience, and the investigation to date, case agents believe that SPEARS is currently residing at **2855 Statesman Way, Apt. 109, Franklin, WI** (Target Location #1) and is using **2465 North 37th Street** (Target Location #3) and **2442 North 53rd Street** (Target Location #2) to store and distribute controlled substances.

### D. Conclusion

8. Based on the facts contained within this affidavit, there is probable cause to believe that Tykel SPEARS has committed violations of Title 21, United States Code, Sections 841(a)(1) (possession with the intent to distribute and distribute controlled substances) and Title 18 United State Code, Sections 1956 and 1957 (money laundering). I further believe that probable cause exists to believe that evidence, as well as contraband, fruits of a crime, or other items illegally possessed in connection with the offenses described above will be found in **2855 Statesman Way, Apt. 109,**

13

Case 2:20-mj-00160-WED   Filed 06/16/20   Page 14 of 20   Document 1

**Franklin, WI** (Target Location #1), **2442 North 53rd Street** (Target Location #2), and **2465 North 37th Street** (Target Location #3).

## ATTACHMENT A

Locations to be Searched

**Target Location #1: 2855 Statesman Way, apt. 109, Franklin, WI,** more fully described as a three story apartment building, constructed of white stucco, brown siding and a flat roof. The numerals "2855" appear on the side of the building on the right side of the west entry door. Apartment 109 is located on the ground level, with the numerals 109 next to the west entry door. The residence has an underground garage.





15

**Target location #2: 2442 N. 53 St, Milwaukee, WI,** more fully described as a two story residence with a brown colored shingle roof, blue siding and a west entry front door. The numerals 2442 are displayed to the left front/west door.



16

**Target location #3: 2465 N. 37 St, Milwaukee, WI,** is described as a two story residence with a gray colored shingle roof, tan and an east entry front door. The numerals 2465 are displayed above of the front/east door.



## ATTACHMENT B

Items to be Seized

1. Paraphernalia associated with the manufacture and distribution of controlled substances including but not limited to materials and items used for packaging, processing, diluting, weighing, and distributing controlled substances, such as scales, funnels, sifters, grinders, glass panes and mirrors, razor blades, plastic bags, and heat-sealing devices.

2. Duffel, canvas bags, suitcases, safes, or other containers to hold or transport controlled substances and drug trafficking related items and proceeds.

3. Proceeds of drug trafficking activities, such as United States currency, precious metals, financial instruments, and jewelry, and documents and deeds reflecting the purchase or lease of real estate, vehicles, precious metals, jewelry or other items obtained with the proceeds from drug trafficking activities.

4. Firearms, ammunition, magazines, gun boxes, firearm purchase records or receipts, and other paraphernalia associated with firearms.

5. Bank account records, loan documents, wire transfer records, money order receipts, postal express mail envelopes, bank statements, safe deposit box keys and records, money containers, financial records and notes showing payment, receipt, concealment, transfer, or movement of money generated from the sale of controlled substances, or financial transactions related to the trafficking of controlled substances.

6. Drug or money ledgers, drug distribution or customer lists, drug supplier lists, correspondence, notations, logs, receipts, journals, books, records, and other documents noting the price, quantity, and/or times when controlled substances were obtained, transferred, sold, distributed, and/or concealed.

7. Personal telephone books, address books, telephone bills, photographs, letters, cables, telegrams, facsimiles, personal notes, receipts, documents and other items or lists reflecting names, addresses, purchases, telephone numbers, addresses and communications regarding illegal activities among and between members and associates involved in drug trafficking activities.

8. Records of off-site storage locations, including but not limited to safe deposit box keys and records, and records and receipts and rental agreements for storage facilities.

9. Cellular telephones, Smartphones, text messaging systems, and other communication devices, and any and all records associated with such communications services used to commit drug trafficking offenses.

10. Records, items and documents reflecting travel for the purpose of participating in drug trafficking activities, such as passports, airline tickets, bus tickets, vehicle rental receipts, credit card receipts, taxi cab receipts, hotel and restaurant receipts, canceled checks, maps, and records of long distance calls reflecting travel.

11. Indicia of occupancy, residency or ownership of the premises and things described in the warrant, including utility bills, telephone bills, loan payment receipts, rent receipts, trust deeds, lease or rental agreements, addressed envelopes, escrow documents and keys.

12. Photographs, videotapes or other depictions of assets, firearms, coconspirators, or controlled substances.

13. Computers or storage media used as a means to commit the violations or store any of the information described above.